UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DELOS SANTOS CONSTRUCTION, INC.,<br><br>Defendant. | CASE NO. C10-1396JLR<br><br>ORDER VACATING ORDER TO COMPEL AUDIT AND DENYING MOTION FOR ORDER TO SHOW CAUSE |

This matter comes before the court on Plaintiffs' motion for an order to show cause (Dkt. # 14). Plaintiffs request that the court enter an order directing Nani Fischer, Defendant DeLos Santos Construction, Inc.'s ("DeLos Santos") secretary, to show cause why she should not be held in contempt of court for failure to comply with the court's October 13, 2010 Order to Compel Audit (Dkt. # 12).

ORDER- 1

1    On August 30, 2010, Plaintiffs filed this action seeking, in part, an audit of DeLos

2 Santos's payroll records in order to determine whether DeLos Santos had reported and

3 paid all employee benefit contributions due under certain collective bargaining

4 agreements.  (Compl. (Dkt. # 1) at 4-5.[1])  On September 8, 2010, Plaintiffs served DeLos

5 Santos with the summons and complaint.  (Dkt. # 4.)  DeLos Santos failed to answer the

6 complaint or otherwise defend the action.  On October 1, 2010, following Plaintiffs'

7 motion, the clerk entered default against DeLos Santos pursuant to Rule 55(a) of the

8 Federal Rules of Civil Procedure.  (Dkt. # 7.)

9    On October 11, 2010, Plaintiffs filed a motion to compel an audit of DeLos

10 Santos's payroll records.  (Dkt. # 8.)  Plaintiffs argued that the audit was authorized under

11 the trust agreements governing the employee benefit trust funds and the Operating

12 Engineers Compliance Agreement signed by DeLos Santos.  (*Id.*; *see* Reid Decl. (Dkt. #

13 11) Exs. A-C (trust agreements), D (Operating Engineers Compliance Agreement).)  The

14 court granted Plaintiffs' motion and entered an order directing DeLos Santos to make

15 nine categories of documents available to Plaintiffs within 15 days.  (Order to Compel

16 Audit.)

17    On October 28, 2010, Plaintiffs served the Order to Compel Audit upon Ms.

18 Fischer "as designee for" DeLos Santos.  (Dkt. # 13.)  DeLos Santos, however, did not

19 provide the documents Plaintiffs sought.  On November 17, 2010, Plaintiffs filed the

20

21    [1] Plaintiffs also seek judgment against DeLos Santos for all contributions determined
22 under the audit to be due to the Plaintiffs, in addition to liquidated damages and interest as set
forth in the trust agreements, attorney's fees, and auditing expenses. (*Id.* at 5.)

instant motion for an order to show cause why Ms. Fischer should not be held in contempt for failure to comply with the court's Order to Compel Audit.

Having further reviewed the record and the relevant case law, the court VACATES its Order to Compel Audit (Dkt. # 12). The Ninth Circuit has recently held that, for purposes of discovery, "a defaulted defendant should be treated as a non-party." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158-59 (9th Cir. 2010). A person not a party to an action may be compelled to produce documents only by a subpoena issued from the court for the district in which the production is to be made. Fed. R. Civ. P. 34(c), 45. Because the court has vacated its Order to Compel Audit, the court DENIES Plaintiffs' motion for an order to show cause (Dkt. # 14) as MOOT.

Dated this 2nd day of December, 2010.

JAMES L. ROBART
United States District Judge

ORDER- 3